UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                            :

UNITED STATES OF AMERICA     :

           -v.-         :

                            :     **SEALED SUPERSEDING**
DWIGHT REID,            :     **INDICTMENT**
   a/k/a "Dick Wolf,"   :
CHRISTOPHER ERSKINE,    :     S3 20 Cr. 626 (PMH)
   a/k/a "Beagle,"     :
WALTER LUSTER,        :
   a/k/a "Shells,"     :
DESHAWN THOMAS,       :
   a/k/a "Don,"        :
NAYA AUSTIN,          :
   a/k/a "Baby,"      :
BRANDON NIEVES,       :
   a/k/a "Untouchable Dot," :
AHMED WALKER,        :
   a/k/a "Ammo,"      :
CASWELL SENIOR,       :
   a/k/a "Casanova,"   :
DONAVAN GILLARD,      :
   a/k/a "Donnie Love,"  :
JARRETT CRISLER, Jr.,   :
   a/k/a "Jayecee,"    :
BRANDON SOTO,        :
   a/k/a "Stacks,"    :
DEZON WASHINGTON,     :
   a/k/a "Blakk,"     :
ROBERT WOODS,        :
   a/k/a "Blakk Rob,"   :
STEPHEN HUGH,        :
   a/k/a "Chino,"     :
JORDAN INGRAM,       :
   a/k/a "Flow,"      :
SHANAY OUTLAW,       :
   a/k/a "Easy,"      :
ISAIAH SANTOS,       :
   a/k/a "Zay,"      :
ROBERTA SLIGH,       :
   a/k/a "Trouble,"    :
BRINAE THORNTON,      :
   a/k/a "Luxury," and   :
                            :

```
JAMAL TRENT,                          :
    a/k/a "Trap Smoke,"               :
                      Defendants.      X
------------------------------------
```

## COUNT ONE
### (Racketeering Conspiracy)
**(REID, ERSKINE, LUSTER, THOMAS, AUSTIN, NIEVES, WALKER, SENIOR, GILLARD, CRISLER, Jr., SOTO, WASHINGTON, WOODS, HUGH, INGRAM, OUTLAW, SANTOS, SLIGH, and THORNTON)**

The Grand Jury charges:

### The Enterprise

1.   At all times relevant to this Indictment, DWIGHT REID, a/k/a "Dick Wolf," CHRISTOPHER ERSKINE, a/k/a "Beagle," WALTER LUSTER, a/k/a "Shells," DESHAWN THOMAS, a/k/a "Don," NAYA AUSTIN, a/k/a "Baby," BRANDON NIEVES, a/k/a "Untouchable Dot," AHMED WALKER, a/k/a "Ammo," CASWELL SENIOR, a/k/a "Casanova," DONAVAN GILLARD, a/k/a "Donnie Love," JARRETT CRISLER, Jr., a/k/a "Jayecee," BRANDON SOTO, a/k/a "Stacks," DEZON WASHINGTON, a/k/a "Blakk," ROBERT WOODS, a/k/a "Blakk Rob," STEPHEN HUGH, a/k/a "Chino," JORDAN INGRAM, a/k/a "Flow," SHANAY OUTLAW, a/k/a "Easy," ISAIAH SANTOS, a/k/a "Zay," ROBERTA SLIGH, a/k/a "Trouble," and BRINAE THORNTON, a/k/a "Luxury," the defendants, and others known and unknown, were members and associates of the Untouchable Gorilla Stone Nation ("Gorilla Stone" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other activities, acts involving murder, robbery, fraud, and the distribution of controlled substances.  Gorilla Stone operated in

2

and around Manhattan, the Bronx, Queens, Brooklyn, Upstate New York, and Florida.

2.    Gorilla Stone, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity.  The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.  At all times relevant to this Indictment, the Enterprise was engaged in, and its activities affected, interstate and foreign commerce.  DWIGHT REID, a/k/a "Dick Wolf," CHRISTOPHER ERSKINE, a/k/a "Beagle," WALTER LUSTER, a/k/a "Shells," DESHAWN THOMAS, a/k/a "Don," NAYA AUSTIN, a/k/a "Baby," BRANDON NIEVES, a/k/a "Untouchable Dot," AHMED WALKER, a/k/a "Ammo," CASWELL SENIOR, a/k/a "Casanova," DONAVAN GILLARD, a/k/a "Donnie Love," JARRETT CRISLER, Jr., a/k/a "Jayecee," BRANDON SOTO, a/k/a "Stacks," DEZON WASHINGTON, a/k/a "Blakk," ROBERT WOODS, a/k/a "Blakk Rob," STEPHEN HUGH, a/k/a "Chino," JORDAN INGRAM, a/k/a "Flow," SHANAY OUTLAW, a/k/a "Easy," ISAIAH SANTOS, a/k/a "Zay," ROBERTA SLIGH, a/k/a "Trouble," and BRINAE THORNTON, a/k/a "Luxury," the defendants, participated in the Enterprise and participated in unlawful and other activity in furtherance of the conduct of the Enterprise's affairs.

3

3.   Members and associates of Gorilla Stone engaged in a series of violent disputes with rivals of Gorilla Stone, including those within Gorilla Stone who they deemed disloyal to the Enterprise.   During these disputes, members and associates of Gorilla Stone committed murder, shootings, robberies, and assaults against their rivals and against fellow members of Gorilla Stone.

4.   Members and associates of Gorilla Stone sold crack cocaine, cocaine, and marijuana in and around Manhattan, Brooklyn, the Bronx, Westchester County, Upstate New York, and Florida.

5.   Members and associates of Gorilla Stone committed and agreed, attempted, and threatened to commit acts of violence to protect and expand their narcotics business, to protect fellow members and associates of the Enterprise, to otherwise promote the standing and reputation of Gorilla Stone amongst rival gangs, and to promote the standing and reputation of members of Gorilla Stone. These acts of violence included acts involving murder, robbery, and assault, intended to protect the Enterprise's narcotics business, and to retaliate against members of rival gangs who had encroached on the Enterprise's narcotics business.

Purposes of the Enterprise

6.   The purposes of the Enterprise included the following:

a.   Preserving and protecting the power, territory, and profits of the Enterprise through acts involving murder, other acts of violence, and threats of violence.

4

b.    Promoting and enhancing the Enterprise and the activities of its members and associates.

c.    Keeping victims and potential victims in fear of the Enterprise and its members and associates through acts and threats of violence.

d.    Providing assistance to members and associates who committed crimes for and on behalf of the gang.

e.    Enriching the members and associates of the Enterprise through, among other things, robbery, wire fraud, and the distribution and sale of narcotics, including crack cocaine, cocaine, and marijuana.

f.    Protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against potential witnesses to crimes committed by members of the Enterprise.

### Means and Methods of the Enterprise

7.    Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

a.    Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including acts involving murder, to protect and expand the Enterprise's criminal operations, and against rival gang members.

b.    Members and associates of the Enterprise used threats of violence and physical violence against other members and associates of the Enterprise to enforce and maintain discipline within the Enterprise.

c.    Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including acts involving murder and robbery against rival gang members and other individuals.

d.    Members and associates of the Enterprise promoted and celebrated, in music and on social media, the criminal conduct of the Enterprise, namely narcotics distribution, acts involving violence, and the use of firearms.

e.    Members and associates of the Enterprise obtained, possessed, and used firearms.

f.    Members and associates of the Enterprise distributed controlled substances, including crack cocaine, cocaine, and marijuana.

g.    Members and associates of the Enterprise committed, and conspired to commit, wire fraud by fraudulently obtaining benefits from relief programs meant to assist small businesses in response to the COVID-19 pandemic, fraudulently obtaining unemployment benefits, and conspiring to fraudulently use funds related to a section 501(c)(3) charitable organization operated by members and associates of the Enterprise.

6

The Racketeering Conspiracy

8.    From at least in or about 2010 to the present, in the
Southern District of New York and elsewhere, DWIGHT REID, a/k/a
"Dick Wolf," CHRISTOPHER ERSKINE, a/k/a "Beagle," WALTER LUSTER,
a/k/a "Shells," DESHAWN THOMAS, a/k/a "Don," NAYA AUSTIN, a/k/a
"Baby," BRANDON NIEVES, a/k/a "Untouchable Dot," AHMED WALKER,
a/k/a "Ammo," CASWELL SENIOR, a/k/a "Casanova," DONAVAN GILLARD,
a/k/a "Donnie Love," JARRETT CRISLER, Jr., a/k/a "Jayecee,"
BRANDON SOTO, a/k/a "Stacks," DEZON WASHINGTON, a/k/a "Blakk,"
ROBERT WOODS, a/k/a "Blakk Rob," STEPHEN HUGH, a/k/a "Chino,"
JORDAN INGRAM, a/k/a "Flow," SHANAY OUTLAW, a/k/a "Easy," ISAIAH
SANTOS, a/k/a "Zay," ROBERTA SLIGH, a/k/a "Trouble," and BRINAE
THORNTON, a/k/a "Luxury," the defendants, and others known and
unknown, being persons employed by and associated with the
Enterprise described in paragraphs 1 through 7 of this Indictment,
namely, Gorilla Stone, which enterprise engaged in, and the
activities of which affected, interstate and foreign commerce,
knowingly combined, conspired, confederated, and agreed together
and with each other to violate the racketeering laws of the United
States, to wit, Section 1962(c) of Title 18, United States Code,
that is, to conduct and participate, directly and indirectly, in
the conduct of the affairs of Gorilla Stone through a pattern of
racketeering activity, as that term is defined in Title 18, United
States Code, Sections 1961(1) and 1961(5), consisting of:

7

a.    multiple acts involving murder, chargeable under the following provisions of state law:    New York Penal Law Sections 125.25 (murder), 110.00 (attempt), 105.15 (conspiracy), and 20.00 (aiding and abetting), and Florida Statutes Sections 777.04 (attempt and conspiracy), 777.011 (aiding and abetting), and 782.04 (murder);

b.    multiple acts involving robbery, chargeable under the following provisions of state law: New York Penal Law, Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

c.    multiple acts indictable under Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion);

d.    multiple acts indictable under Title 18, United States Code, Section 1343 (wire fraud);

e.    multiple acts indictable under Title 18, United States Code, Section 1028 (fraud and related activity in connection with identification documents, authentication features, and information); and

f.    multiple offenses involving the distribution of controlled substances, including, cocaine base, in a form commonly known as "crack cocaine," cocaine, and marijuana, in violation of laws of the United States, namely Title 21, United States Code,

8

Sections 812, 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(D), and 846, and Title 18, United States Code, Section 2.

9.   It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

## Notice of Special Sentencing Factors

10.   From at least in or about 2010, up to and including the present, in the Southern District of New York and elsewhere, DWIGHT REID, a/k/a "Dick Wolf," CHRISTOPHER ERSKINE, a/k/a "Beagle," WALTER LUSTER, a/k/a "Shells," DESHAWN THOMAS, a/k/a "Don," NAYA AUSTIN, a/k/a "Baby," BRANDON NIEVES, a/k/a "Untouchable Dot," AHMED WALKER, a/k/a "Ammo," CASWELL SENIOR, a/k/a "Casanova," DONAVAN GILLARD, a/k/a "Donnie Love," JARRETT CRISLER, Jr., a/k/a "Jayecee," BRANDON SOTO, a/k/a "Stacks," DEZON WASHINGTON, a/k/a "Blakk," ROBERT WOODS, a/k/a "Blakk Rob," STEPHEN HUGH, a/k/a "Chino," JORDAN INGRAM, a/k/a "Flow," ISAIAH SANTOS, a/k/a "Zay," ROBERTA SLIGH, a/k/a "Trouble," and BRINAE THORNTON, a/k/a "Luxury," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

11.   It was a part and an object of the conspiracy that DWIGHT REID, a/k/a "Dick Wolf," CHRISTOPHER ERSKINE, a/k/a "Beagle," WALTER LUSTER, a/k/a "Shells," DESHAWN THOMAS, a/k/a "Don," NAYA AUSTIN, a/k/a "Baby," BRANDON NIEVES, a/k/a "Untouchable Dot," AHMED WALKER, a/k/a "Ammo," CASWELL SENIOR, a/k/a "Casanova," DONAVAN GILLARD, a/k/a "Donnie Love," JARRETT CRISLER, Jr., a/k/a "Jayecee," BRANDON SOTO, a/k/a "Stacks," DEZON WASHINGTON, a/k/a "Blakk," ROBERT WOODS, a/k/a "Blakk Rob," STEPHEN HUGH, a/k/a "Chino," JORDAN INGRAM, a/k/a "Flow," ISAIAH SANTOS, a/k/a "Zay," ROBERTA SLIGH, a/k/a "Trouble," and BRINAE THORNTON, a/k/a "Luxury," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

12.   The controlled substances that DWIGHT REID, a/k/a "Dick Wolf," CHRISTOPHER ERSKINE, a/k/a "Beagle," WALTER LUSTER, a/k/a "Shells," DESHAWN THOMAS, a/k/a "Don," NAYA AUSTIN, a/k/a "Baby," BRANDON NIEVES, a/k/a "Untouchable Dot," AHMED WALKER, a/k/a "Ammo," CASWELL SENIOR, a/k/a "Casanova," DONAVAN GILLARD, a/k/a "Donnie Love," JARRETT CRISLER, Jr., a/k/a "Jayecee," BRANDON SOTO, a/k/a "Stacks," DEZON WASHINGTON, a/k/a "Blakk," ROBERT WOODS, a/k/a "Blakk Rob," STEPHEN HUGH, a/k/a "Chino," JORDAN INGRAM, a/k/a "Flow," ISAIAH SANTOS, a/k/a "Zay," ROBERTA SLIGH, a/k/a "Trouble," and BRINAE THORNTON, a/k/a "Luxury," the

defendants, conspired to distribute and possess with intent to distribute were: (i) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base in a form commonly known as "crack cocaine," in violation of Title 21, United States Code, Section 841(b)(1)(A); (ii) five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A); and (iii) 100 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(B), all in violation of Title 21, United States Code, Section 846.

13.   On or about September 21, 2020, in the Southern District of New York, BRANDON SOTO, a/k/a "Stacks," the defendant, knowingly murdered and aided and abetted the murder of a victim who was a minor ("Minor Victim-1") in the vicinity of Main Street and South Clinton Street in Poughkeepsie, New York, in violation of New York Penal Law, Sections 125.25, 125.27, and 20.00, in that, with intent to cause the death of another person, SOTO caused the death of Minor Victim-1, and aided and abetted the same.

(Title 18, United States Code, Sections 1962(d) and 1963.)

## COUNT TWO
### (Travel Act Murder)
### (SOTO)

The Grand Jury further charges:

14.   On or about September 21, 2020, in the Southern District of New York and elsewhere, BRANDON SOTO, a/k/a "Stacks," the defendant, knowingly used a facility in interstate and foreign commerce, with intent to commit a crime of violence, namely, assault and murder, to further an unlawful activity, namely, the Gorilla Stone business enterprise, which was involved in the distribution of controlled substances, and with intent to promote, manage, establish, and carry on, and facilitate the promotion, management, establishment, and carrying on of the unlawful activity, and thereafter did perform a crime of violence to further the unlawful activity, and did aid and abet the same, and death resulted, to wit, SOTO drove a co-conspirator to Poughkeepsie, New York, where SOTO aided and abetted the assault and murder of Minor Victim-1.

(Title 18, United States Code, Sections 1952 and 2.)

### COUNT THREE
**(Attempted Murder and Attempted Assault with a Dangerous Weapon in Aid of Racketeering)**
**(HUGH)**

The Grand Jury further charges:

15.   At all times relevant to this Indictment, Gorilla Stone, as described in paragraphs 1 through 7 of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18,

United States Code, Section 1959(b)(2), that is, an association in fact of individuals that was engaged in, and the activities of which affected, interstate and foreign commerce.  The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

16.  At all times relevant to this Indictment, Gorilla Stone, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder and robbery, in violation of New York Penal Law, acts indictable under Title 18, United States Code, Section 1951, acts indictable under Title 18, United States Code, Section 1343, acts indictable under Title 18, United States Code, Section 1028, and offenses involving the distribution of controlled substances, in violation of Title 21, United States Code, Sections 812, 841, and 846.

17.  On or about July 20, 2020, in the Southern District of New York, STEPHEN HUGH, a/k/a "Chino," the defendant, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Gorilla Stone, and for the purpose of gaining entrance to and maintaining and increasing position in Gorilla Stone, an enterprise engaged in racketeering activity, as described above, knowingly attempted to murder an individual and attempted to

assault that individual with a dangerous weapon, and aided and abetted the same, to wit, HUGH shot at a rival gang member in New Rochelle, New York, in violation of New York Penal Law Sections 125.25, 120.10, 120.05, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), (a)(6), and 2.)

## COUNT FOUR
### (Use of a Firearm in Furtherance of the July 20, 2020 Attempted Murder and Attempted Assault with a Dangerous Weapon)
### (HUGH)

The Grand Jury further charges:

18.  On or about July 20, 2020, in the Southern District of New York, STEPHEN HUGH, a/k/a "Chino," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the attempted murder and attempted assault with a dangerous weapon in aid of racketeering charged in Count Three of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2.)

## COUNT FIVE
### (Assault with a Dangerous Weapon in Aid of Racketeering)
### (AUSTIN, WASHINGTON, and INGRAM)

The Grand Jury further charges:

14

19.   At all times relevant to this Indictment, Gorilla Stone, as described in paragraphs 1 through 7 of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals that was engaged in, and the activities of which affected, interstate and foreign commerce.  The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

20.   At all times relevant to this Indictment, Gorilla Stone, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder and robbery, in violation of New York Penal Law, acts indictable under Title 18, United States Code, Section 1951, acts indictable under Title 18, United States Code, Section 1343, acts indictable under Title 18, United States Code, Section 1028, and offenses involving the distribution of controlled substances, in violation of Title 21, United States Code, Sections 812, 841, and 846.

21.   On or about June 12, 2020, in the Southern District of New York, NAYA AUSTIN, a/k/a "Baby," and DEZON WASHINGTON, a/k/a "Blakk," and JORDAN INGRAM, a/k/a "Flow," the defendants, as

15

consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Gorilla Stone, and for the purpose of gaining entrance to and maintaining and increasing position in Gorilla Stone, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon, and aided and abetted the same, to wit, AUSTIN, WASHINGTON, and INGRAM committed a gunpoint robbery of a drug dealer in Peekskill, New York, in violation of New York Penal Law Sections 160.00, 160.05, 160.10, 160.15, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and 2.)

## COUNT SIX
### (Use of a Firearm in Furtherance of the June 12, 2020 Assault with a Dangerous Weapon)
### (AUSTIN, WASHINGTON, and INGRAM)

The Grand Jury further charges:

22.  On or about June 12, 2020, in the Southern District of New York, NAYA AUSTIN, a/k/a "Baby," DEZON WASHINGTON, a/k/a "Blakk," and JORDAN INGRAM, a/k/a "Flow," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the assault with a dangerous weapon in aid of racketeering charged in Count Five of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and did

aid and abet the use, carrying, and possession of a firearm, which was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and 2.)

**COUNT SEVEN**
**(Attempted Murder and Attempted Assault with a Dangerous Weapon in Aid of Racketeering)**
**(THORNTON)**

The Grand Jury further charges:

23. At all times relevant to this Indictment, Gorilla Stone, as described in paragraphs 1 through 7 of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals that was engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

24. At all times relevant to this Indictment, Gorilla Stone, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder and robbery, in violation of New York Penal Law, acts indictable under Title 18, United States Code, Section 1951, acts indictable under

Title 18, United States Code, Section 1343, acts indictable under Title 18, United States Code, Section 1028, and offenses involving the distribution of controlled substances, in violation of Title 21, United States Code, Sections 812, 841, and 846.

25. On or about August 8, 2018, in the Southern District of New York, BRINAE THORNTON, a/k/a "Luxury," the defendant, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Gorilla Stone, and for the purpose of gaining entrance to and maintaining and increasing position in Gorilla Stone, an enterprise engaged in racketeering activity, as described above, knowingly attempted to murder an individual and attempted to assault that individual with a dangerous weapon, and aided and abetted the same, to wit, THORNTON and other members of Gorilla Stone shot at a rival gang member in Brooklyn, New York, in violation of New York Penal Law Sections 125.25, 120.10, 120.05, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), (a)(6), and 2.)

## COUNT EIGHT
**(Use of a Firearm in Furtherance of the August 8, 2018 Attempted Murder and Attempted Assault with a Dangerous Weapon)**
**(THORNTON)**

The Grand Jury further charges:

26. On or about August 8, 2018, in the Southern District of New York, BRINAE THORNTON, a/k/a "Luxury," the defendant, during

and in relation to a crime of violence for which she may be prosecuted in a court of the United States, namely, the attempted murder and attempted assault with a dangerous weapon in aid of racketeering charged in Count Seven of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2.)

### COUNT NINE
**(Maiming and Assault with a Dangerous Weapon in Aid of Racketeering)**
**(WOODS)**

The Grand Jury further charges:

27.  At all times relevant to this Indictment, Gorilla Stone, as described in paragraphs 1 through 7 of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals that was engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

19

28.  At all times relevant to this Indictment, Gorilla Stone, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder and robbery, in violation of New York Penal Law, acts indictable under Title 18, United States Code, Section 1951, acts indictable under Title 18, United States Code, Section 1343, acts indictable under Title 18, United States Code, Section 1028, and offenses involving the distribution of controlled substances, in violation of Title 21, United States Code, Sections 812, 841, and 846.

29.  On or about January 12, 2018, in the Southern District of New York, ROBERT WOODS, a/k/a "Blakk Rob," the defendant, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Gorilla Stone, and for the purpose of gaining entrance to and maintaining and increasing position in Gorilla Stone, an enterprise engaged in racketeering activity, as described above, knowingly maimed and assaulted an individual with a dangerous weapon, and aided and abetted the same, to wit, WOODS slashed an individual in the face in Manhattan, in violation of New York Penal Law Sections 120.10, 120.05, and 20.00.

(Title 18, United States Code, Sections 1959(a)(2), (a)(3) and 2.)

## COUNT TEN
### (Possession With Intent to Distribute Crack Cocaine)
### (AUSTIN)

The Grand Jury further charges:

30.   On or about August 19, 2020, in the Southern District of New York, NAYA AUSTIN, a/k/a "Baby," the defendant, intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

31.   The controlled substance involved in the offense was 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as crack cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B); Title 18, United States Code, Section 2.)

## COUNT ELEVEN
### (Possession With Intent to Distribute Crack Cocaine)
### (ERSKINE, AUSTIN, and INGRAM)

The Grand Jury further charges:

32.   On or about August 10, 2020, in the Southern District of New York, CHRISTOPHER ERSKINE, NAYA AUSTIN, a/k/a "Baby," and JORDAN INGRAM, a/k/a "Flow," the defendants, intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

33.   The controlled substance involved in the offense was 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as crack cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B);
Title 18, United States Code, Section 2.)

## COUNT TWELVE
### (Possession With Intent to Distribute Crack Cocaine)
### (SOTO)

The Grand Jury further charges:

34.   On or about July 30, 2020, in the Southern District of New York, BRANDON SOTO, a/k/a "Stacks," the defendant, intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

35.   The controlled substance involved in the offense was 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as crack cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B);
Title 18, United States Code, Section 2.)

## COUNT THIRTEEN
### (Narcotics Conspiracy)
### (REID, ERSKINE, LUSTER, THOMAS, AUSTIN, NIEVES, WALKER, SENIOR, GILLARD, CRISLER, Jr., SOTO, WASHINGTON, WOODS, HUGH, INGRAM, SANTOS, SLIGH, THORNTON, and TRENT)

The Grand Jury further charges:

36.   From at least in or about 2010, up to and including the present, in the Southern District of New York and elsewhere, DWIGHT REID, a/k/a "Dick Wolf," CHRISTOPHER ERSKINE, a/k/a "Beagle," WALTER LUSTER, a/k/a "Shells," DESHAWN THOMAS, a/k/a "Don," NAYA AUSTIN, a/k/a "Baby," BRANDON NIEVES, a/k/a "Untouchable Dot," AHMED WALKER, a/k/a "Ammo," CASWELL SENIOR, a/k/a "Casanova," DONAVAN GILLARD, a/k/a "Donnie Love," JARRETT CRISLER, Jr., a/k/a "Jayecee," BRANDON SOTO, a/k/a "Stacks," DEZON WASHINGTON, a/k/a "Blakk," ROBERT WOODS, a/k/a "Blakk Rob," STEPHEN HUGH, a/k/a "Chino," JORDAN INGRAM, a/k/a "Flow," ISAIAH SANTOS, a/k/a "Zay," ROBERTA SLIGH, a/k/a "Trouble," BRINAE THORNTON, a/k/a "Luxury," and JAMAL TRENT, a/k/a "Trap Smoke," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

37.   It was a part and an object of the conspiracy that DWIGHT REID, a/k/a "Dick Wolf," CHRISTOPHER ERSKINE, a/k/a "Beagle," WALTER LUSTER, a/k/a "Shells," DESHAWN THOMAS, a/k/a "Don," NAYA AUSTIN, a/k/a "Baby," BRANDON NIEVES, a/k/a "Untouchable Dot," AHMED WALKER, a/k/a "Ammo," CASWELL SENIOR, a/k/a "Casanova," DONAVAN GILLARD, a/k/a "Donnie Love," JARRETT CRISLER, Jr., a/k/a "Jayecee," BRANDON SOTO, a/k/a "Stacks," DEZON WASHINGTON, a/k/a "Blakk," ROBERT WOODS, a/k/a "Blakk Rob," STEPHEN HUGH, a/k/a "Chino," JORDAN INGRAM, a/k/a "Flow," ISAIAH SANTOS, a/k/a "Zay,"

ROBERTA SLIGH, a/k/a "Trouble," BRINAE THORNTON, a/k/a "Luxury," and JAMAL TRENT, a/k/a "Trap Smoke," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

38.   The controlled substances that DWIGHT REID, a/k/a "Dick Wolf," CHRISTOPHER ERSKINE, a/k/a "Beagle," WALTER LUSTER, a/k/a "Shells," DESHAWN THOMAS, a/k/a "Don," NAYA AUSTIN, a/k/a "Baby," BRANDON NIEVES, a/k/a "Untouchable Dot," AHMED WALKER, a/k/a "Ammo," CASWELL SENIOR, a/k/a "Casanova," DONAVAN GILLARD, a/k/a "Donnie Love," JARRETT CRISLER, Jr., a/k/a "Jayecee," BRANDON SOTO, a/k/a "Stacks," DEZON WASHINGTON, a/k/a "Blakk," ROBERT WOODS, a/k/a "Blakk Rob," STEPHEN HUGH, a/k/a "Chino," JORDAN INGRAM, a/k/a "Flow," ISAIAH SANTOS, a/k/a "Zay," ROBERTA SLIGH, a/k/a "Trouble," BRINAE THORNTON, a/k/a "Luxury," and JAMAL TRENT, a/k/a "Trap Smoke," conspired to distribute and possess with intent to distribute were: (i) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base in a form commonly known as "crack cocaine," in violation of Title 21, United States Code, Section 841(b)(1)(A); (ii) five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A); and (iii) 100 kilograms and more of mixtures and

24

substances involving a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Section 846.)

## COUNT FOURTEEN
### (Possession of a Firearm In Furtherance of a Drug Trafficking Crime)
**(REID, ERSKINE, LUSTER, THOMAS, AUSTIN, NIEVES, WALKER, SENIOR, GILLARD, CRISLER, Jr., SOTO, WASHINGTON, WOODS, HUGH, INGRAM, SLIGH, THORNTON, and TRENT)**

The Grand Jury further charges:

39. Between in or about 2010 and November 2020, in the Southern District of New York and elsewhere, DWIGHT REID, a/k/a "Dick Wolf," CHRISTOPHER ERSKINE, a/k/a "Beagle," WALTER LUSTER, a/k/a "Shells," DESHAWN THOMAS, a/k/a "Don," NAYA AUSTIN, a/k/a "Baby," BRANDON NIEVES, a/k/a "Untouchable Dot," AHMED WALKER, a/k/a "Ammo," CASWELL SENIOR, a/k/a "Casanova," DONAVAN GILLARD, a/k/a "Donnie Love," JARRETT CRISLER, Jr., a/k/a "Jayecee," BRANDON SOTO, a/k/a "Stacks," DEZON WASHINGTON, a/k/a "Blakk," ROBERT WOODS, a/k/a "Blakk Rob," STEPHEN HUGH, a/k/a "Chino," JORDAN INGRAM, a/k/a "Flow," ROBERTA SLIGH, a/k/a "Trouble," BRINAE THORNTON, a/k/a "Luxury," and JAMAL TRENT, a/k/a "Trap Smoke," the defendants, during and in relation to a drug trafficking offense for which they may be prosecuted in a court of the United States, namely, the narcotics trafficking conspiracy charged in Count Thirteen of this Indictment, knowingly did use and carry a firearm, and in furtherance of such drug trafficking

25

offense, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

### COUNT FIFTEEN
**(Brandishing a Firearm In Furtherance
of a Drug Trafficking Crime)
(SANTOS)**

The Grand Jury further charges:

40. On or about February 2, 2020, in the Southern District of New York and elsewhere, ISAIAH SANTOS, a/k/a "Zay," the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the narcotics trafficking conspiracy charged in Count Thirteen of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and 2.)

### COUNT SIXTEEN
**(Aggravated Identity Theft)
(AUSTIN and OUTLAW)**

41. In or about August 2020, in the Southern District of New York and elsewhere, NAYA AUSTIN, a/k/a "Baby," and SHANAY OUTLAW, a/k/a "Easy," the defendants, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a

felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, AUSTIN and OUTLAW unlawfully used the names and social security numbers of other persons to file fraudulent applications for COVID-19-related unemployment benefits, in violation of Title 18, United States Code, Sections 1343 and 1349.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

## COUNT SEVENTEEN
### (Aggravated Identity Theft)
### (GILLARD)

42. In or about August 2020 through in or about November 2020, in the Southern District of New York and elsewhere, DONAVAN GILLARD, a/k/a "Donnie Love," the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, GILLARD unlawfully used the names and social security numbers of other persons to file fraudulent applications for COVID-19-related unemployment benefits, in violation of Title 18, United States Code, Sections 1343 and 1349.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

<u>COUNT EIGHTEEN</u>
**(Attempted Murder and Assault with a Dangerous Weapon in Aid of Racketeering)**
**(CRISLER, Jr.)**

The Grand Jury further charges:

43.   At all times relevant to this Indictment, Gorilla Stone, as described in paragraphs 1 through 7 of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals that was engaged in, and the activities of which affected, interstate and foreign commerce.  The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

44.   At all times relevant to this Indictment, Gorilla Stone, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder and robbery, in violation of New York Penal Law, acts indictable under Title 18, United States Code, Section 1951, acts indictable under Title 18, United States Code, Section 1343, acts indictable under Title 18, United States Code, Section 1028, and offenses involving

the distribution of controlled substances, in violation of Title 21, United States Code, Sections 812, 841, and 846.

45.   On or about October 24, 2020, in the Southern District of Florida, Southern District of New York, and elsewhere, JARRETT CRISLER, Jr., a/k/a "Jaycee," the defendant, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Gorilla Stone, and for the purpose of gaining entrance to and maintaining and increasing position in Gorilla Stone, an enterprise engaged in racketeering activity, as described above, knowingly attempted to murder an individual and assaulted that individual with a dangerous weapon, and aided and abetted the same, to wit, CRISLER, Jr., shot at a rival gang member in Miami, Florida in order to protect a fellow gang member who was being threatened, in violation of Florida Statutes, Sections 777.04, 777.011, and 782.04(1)(a)(1).

(Title 18, United States Code, Sections 1959(a)(3), (a)(5), and 2.)

### COUNT NINETEEN
**(Use of a Firearm in Furtherance of the October 24, 2020
Attempted Murder and Assault with a Dangerous Weapon)
(CRISLER, Jr.)**

The Grand Jury further charges:

46.   On or about October 24, 2020, in the Southern District of Florida, Southern District of New York, and elsewhere, JARRETT CRISLER, Jr., a/k/a "Jaycee," the defendant, during and in relation to a crime of violence for which he may be prosecuted in

a court of the United States, namely, the attempted murder and assault with a dangerous weapon in aid of racketeering charged in Count Eighteen of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2.)

### COUNT TWENTY
### (Firearms Trafficking Conspiracy)
### (CRISLER, Jr. and GILLARD)

The Grand Jury further charges:

47. From at least in or about January 2020 up to and including at least in or about November 2020, in the Southern District of New York and elsewhere, JARRETT CRISLER, Jr., a/k/a "Jayecee," and DONAVAN GILLARD, a/k/a "Donnie Love," the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, trafficking in firearms in violation of Title 18, United States Code, Section 922(a)(1)(A).

48. It was a part and object of the conspiracy that JARRETT CRISLER, a/k/a "Jayecee," and DONAVAN GILLARD, a/k/a "Donnie Love, the defendants, and others known and unknown, not being licensed importers, licensed manufacturers, and licensed dealers of

firearms within the meaning of Chapter 44, Title 18, United States Code, would and did willfully and knowingly engage in the business of dealing in firearms, and in the course of such business would and did ship, transport, and receive firearms in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(a)(1)(A).

Overt Acts

49.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   On or about July 27, 2020, JARRET CRISLER, Jr., a/k/a "Jayecee," the defendant, agreed to sell firearms to an individual in the Bronx, New York.

b.   On or about November 7, 2020, JARRET CRISLER, Jr., a/k/a "Jayecee," the defendant, traveled to Manhattan, New York to sell firearms.

c.   On or about August 8, 2020, DONAVAN GILLARD, a/k/a "Donnie Love," the defendant, texted a photograph of a firearm which JARRETT CRISLER, Jr., a/k/a "Jayecee," the defendant, was selling, to another individual in an attempt to help CRISLER, Jr., sell the firearm.

(Title 18, United States Code, Section 371.)

31

### COUNT TWENTY-ONE
### (Firearms Trafficking)
### (CRISLER, Jr.)

The Grand Jury further charges:

50.  On or about November 7, 2020, in the Southern District of New York and elsewhere, JARRET CRISLER, Jr., a/k/a "Jayecee," the defendant, not being a licensed importer, licensed manufacturer, and licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully and knowingly engage in the business of dealing in firearms, and in the course of such business did ship, transport, and receive firearms in interstate and foreign commerce, to wit, CRISLER, Jr. traveled to Manhattan, New York to sell firearms.

(Title 18, United States Code, Section 922(a)(1).)

### FORFEITURE ALLEGATION AS TO COUNT ONE

51.  As a result of committing the offense alleged in Count One of this Indictment, DWIGHT REID, a/k/a "Dick Wolf," CHRISTOPHER ERSKINE, a/k/a "Beagle," WALTER LUSTER, a/k/a "Shells," DESHAWN THOMAS, a/k/a "Don," NAYA AUSTIN, a/k/a "Baby," BRANDON NIEVES, a/k/a "Untouchable Dot," AHMED WALKER, a/k/a "Ammo," CASWELL SENIOR, a/k/a "Casanova," DONAVAN GILLARD, a/k/a "Donnie," JARRETT CRISLER, Jr., a/k/a "Jayecee," BRANDON SOTO, a/k/a "Stacks," DEZON WASHINGTON, a/k/a "Blakk," ROBERT WOODS, a/k/a "Blakk Rob,"

32

STEPHEN HUGH, a/k/a "Chino," JORDAN INGRAM, a/k/a "Flow," SHANAY OUTLAW, a/k/a "Easy," ISAIAH SANTOS, a/k/a "Zay," ROBERTA SLIGH, a/k/a "Trouble," and BRINAE THORNTON, a/k/a "Luxury," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, any and all interests the defendants acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly and indirectly, from the racketeering activity alleged in Count One of this Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendants personally obtained.

## FORFEITURE ALLEGATIONS AS TO COUNTS 10-13

52.  As a result of committing the offense charged in Count Ten of this Indictment, NAYA AUSTIN, a/k/a "Baby," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a

result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

53. As a result of committing the offense charged in Count Eleven of this Indictment, CHRISTOPHER ERSKINE, a/k/a "Beagle," NAYA AUSTIN, a/k/a "Baby," and JORDAN INGRAM, a/k/a "Flow," the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendants personally obtained.

54. As a result of committing the offense charged in Count Twelve of this Indictment, BRANDON SOTO, a/k/a "Stacks," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property

34

used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

55.   As a result of committing the offense charged in Count Thirteen of this Indictment, DWIGHT REID, a/k/a "Dick Wolf," CHRISTOPHER ERSKINE, a/k/a "Beagle," WALTER LUSTER, a/k/a "Shells," DESHAWN THOMAS, a/k/a "Don," NAYA AUSTIN, a/k/a "Baby," BRANDON NIEVES, a/k/a "Untouchable Dot," AHMED WALKER, a/k/a "Ammo," CASWELL SENIOR, a/k/a "Casanova," DONAVAN GILLARD, a/k/a "Donnie Love," JARRETT CRISLER, Jr., a/k/a "Jayecee," BRANDON SOTO, a/k/a "Stacks," DEZON WASHINGTON, a/k/a "Blakk," ROBERT WOODS, a/k/a "Blakk Rob," STEPHEN HUGH, a/k/a "Chino," JORDAN INGRAM, a/k/a "Flow," ISAIAH SANTOS, a/k/a "Zay," ROBERTA SLIGH, a/k/a "Trouble," BRINAE THORNTON, a/k/a "Luxury," and JAMAL TRENT, a/k/a "Trap Smoke," the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to

35

the commission of said offense that the defendants personally obtained.

## Substitute Assets Provision

56. If any of the property described above as subject to forfeiture, as a result of any act or omission of the above-named defendants:

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third person;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), Title 21 United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c) to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

      (Title 18, United States Code, Sections 981 and 1963;
        Title 21, United States Code, Section 853; and
        Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
AUDREY STRAUSS
United States Attorney

37

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DWIGHT REID, a/k/a "Dick Wolf," *et al.*,

Defendants.

SEALED SUPERSEDING
INDICTMENT

S3 20 Cr. 626 (PMH)

(18 U.S.C. §§ 922, 371, 924(c), 1028A,
1952, 1959, 1962, 1963, and 2; 21 U.S.C.
§§ 841 and 846.)

AUDREY STRAUSS
United States Attorney.

Foreperson