# RICHARD PALMA

ATT...
122 EAST 4...
NEW YOR...

**MEMBER OF THE BAR**
**NEW YORK**

> Application granted in part. Defendant's supplemental briefing, if any, is due March 2, 2023; opposition shall be filed by March 30, 2023; and reply, if any, shall be filed by April 13, 2023. Defense counsel shall advise the Court by March 2, 2023 if Defendant elects not to pursue this motion.
>
> The Government is directed to file a response to Defendant's request under 18 U.S.C. 3621(d) setting forth its position by January 23, 2023.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>           January 13, 2023

The Honorable Philip M. Halpern, U...
Southern District of New York
300 Quarropas St., Courtroom 520
White Plains, NY 10601- 4150

**Re: <u>United States v. Donavan Gillard</u>, Dk No. 7:20-cr-00626 (PMH) Defense Request for Extension of Time to File Motion Due January 16 to March 2, 2023 & Court Order to U.S. Marshals Service for the Production of Inmate Donavan Gillard (Reg. No. 29520-509) from FCI Hazelton, West Virginia to Westchester County Department of Corrections, Valhalla, New York.**

Dear Judge Halpern:

    I write to (1) update the Court on the status of the above-entitled matter in which the Court expects the defense to file its 2255 motion, see ECF 523, by January 16, 2023 (ECF 517); (2) request pursuant to 18 U.S.C.A. § 3621(d) that the Court order Mr. Gillard's transfer back to Westchester County Jail; and (3) extend the time to file the motion six weeks, until March 1, 2023.

A.    <u>We Have Made Substantial Progress Toward Filing Our Motion</u>

    As the Court is aware, the defense seeks to demonstrate that, rather than a prior conviction, his July 7, 2010 conviction for Attempted Criminal Possession of a Weapon in the Second Degree was part of the same gang-related conspiracy to which he here pleaded guilty. To that end, the General Counsel of the New York City Probation Department has confirmed that it possesses records of juvenile justice proceeding(s) in which Mr. Gilliard was the Respondent that were omitted from the PSR. As Your Honor is aware, we have today sought your authorization to subpoena those records. We have likewise located and contacted witnesses who

Page 2
Leter to Hon. Halpern, U.S.D.J.
January 13, 2023

claim that they can corroborate Mr. Gillard's claim that all his criminality was gang-related.

B. <u>Returning Mr. Gillard To The Jurisdiction Would Surely Expedite Matters</u>

The defense's request that the Court order BOP to (temporarily) return our client to the SDNY, Westchester County Jail, preferably, relates to the difficulty we have encountered in communicating with Mr. Gilliard. The Corrlinks email system limits the amount of email a prisoner can exchange with his various correspondents and we were completely prohibited from writing him or hearing from him from before Christmas through New Years' Day. Due to staffing shortages possibly attributable to the holiday season, neither were we able to schedule legal calls with Mr. Gilliard during the same year-end period. We have had to exchange some paperwork by mail, always a slow and cumbersome process in the correctional context At this point, given the impediments we have encountered, we feel we run the risk of repeating Mr. Magwood's missteps in seemingly failing to fully debrief his client and familiarize himself with all the facts on which a 2255 petition might be grounded. I have apprised Mr. Gilliard of my thoughts on the matter and he is amenable to being moved back to the district.

We can, of course, visit Mr. Gilliard at Hazelton FCI but the six-plus hour drive to Bruceton Mills, West Virginia or a three and one-half hour flight to nearby Morgantown is sure to prove both time-consuming and expensive.

Enacted in 1984, 18 U.S.C.A. § 3621(d) rendered the use of the writs of federal habeas corpus *ad testificandum* or *ad prosequendum* to seek the appearance of federal prison inmates in federal court obsolete. Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 1:41 (August 2022) See <u>Hunter v. Samples</u>, 15 F.3d 1011, 1012 (11th Cir. 1994) ("The government effected Hunter's transfer to the Middle District through a request for production of a federal prisoner in the custody of the United States, pursuant to 18 U.S.C. § 3621(d)."). <u>In re Grand Jury Proceedings</u>, 1991 WL 70758 (9th Cir. 1991) ("appellants' transfer from prison to the grand jury proceedings was accomplished by means of a written request from the United States Attorney to the marshal pursuant to 18 U.S.C. § 3621(d)."

RICHARD PALMA
ATTORNEY AT LAW

Page 3
**Leter to Hon. Halpern, U.S.D.J.**
**January 13, 2023**

   18 U.S.C.A. § 3621(d) provides: "The United States marshal shall, without charge, bring a prisoner into court or return him to a prison facility on order of a court of the United States or on written request of an attorney for the Government."[1]

C. <u>While It Is Difficult to Know How Much Until We Receive The Requested Records And Determine Where He Will Be Housed, We Seek A 45-Day Extension To File Our Motion.</u>

   In that it is now clear that we will be unable to meet the Court's current, January 16, 2023 deadline, we seek a 45-day extension during which time some of the current uncertainty on the speed with which me can proceed should be alleviated. Should developing events enable us to file the motion before that deadline, I assure the Court that we will.

              Respectfully submitted,
               s/Richard Palma
               Richard Palma

---

[1] We need to attach a proposed Order???