

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*50 Main Street, Suite 1100*
*White Plains, New York 10606*

October 20, 2023

> Application granted.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>            October 20, 2023

**BY ECF**

The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *United States v. Reid et al.*, S10 20 Cr. 626 (PMH)

Dear Judge Halpern:

    The parties write jointly in advance of the final pretrial conference to preview one issue they intend to raise. As your Honor is well aware, this trial will feature not only a significant number of exhibits, but a significant number of audio and visual exhibits. To avoid wasting time in front of the jury, to increase efficiency, and to maximize space at counsel table, the parties respectfully request that the Government be allowed to temporarily install monitors (and associated infrastructure) in your Honor's courtroom to allow for exhibits to be displayed and played for counsel, witnesses, the jury, and your Honor in a manner that would allow for meaningful engagement by all.

    To preface, the Government is keenly aware that your Honor's courtroom will be used by other parties during the trial. The Government is committed to installing the monitors and associated equipment in a manner that does not inconvenience any other party that should appear before your Honor. The Government is also committed to ensuring that the equipment in your Honor's courtroom is installed at a time convenient for the Court in advance of trial and will work to immediately remove the equipment upon the conclusion of trial. If needed, the Government will call on extra staff to ensure the setup and takedown occurs in a timely manner.

    The proposed installation would offer several benefits. *First*, and importantly, the monitors would allow defendants, defense counsel, and the Court to follow the Government's case more closely, especially when the Government focuses on particular parts of lengthy exhibits or transcripts. The Government anticipates putting in several transcripts as aids to the jury as well as several text messages. The proposed setup would allow defense counsel (and defendants) to use the monitors, which would showcase what the Government has highlighted as opposed to potentially using voluminous paper copies of the exhibits. It would also allow witnesses—who sit furthest away from the screen in the courtroom—to avoid having to flip through voluminous paper exhibits during direct or cross examination. *Second*, the proposed set up would have the added benefit of allowing the Government to bring up Government exhibits for defense counsel on cross-

examination.[1]  *Third*, and relatedly, the proposed setup would allow for the jury to meaningfully engage with the evidence and avoid any juror confusion.  Having a single screen in the courtroom by which all parties—jurors, defense counsel, witnesses, and your Honor—engage with these exhibits risks creating an environment where the jury, in particular, may not be able to meaningfully engage with the evidence.

In sum, the proposed setup would increase efficiency and engagement while meaningfully decreasing the potential confusion and delay in front of the jury.  In the alternative, should your Honor not be inclined to grant the parties' request, the parties would respectfully request that the trial be held in a courtroom with preinstalled monitors and audio-visual equipment.

The parties thank your Honor for consideration of this request and stand ready to answer further questions at the final pretrial conference.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney for the
        Southern District of New York

By: _____
        Shiva H. Logarajah
        David R. Felton
        Kathryn P. Wheelock
        Assistant United States Attorneys
        Tel:  212-637-2272 / -2299 / (914) 993-1966

cc:     All counsel (via ECF)

---

[1] The proposed setup, however, would not allow for exhibits to be pulled up for everybody but the jury.  In other words, it would not completely obviate the need for travel between counsel table and the witness box.