# RICHARD PALMA
### ATTORNEY AT LAW
225 BROADWAY- SUIT
NEW YORK, NEW YORK

MEMBER OF THE BAR
NEW YORK

May 7, 2024

**ECF**

The Honorable Philip M. Halpern, U.S.D.J.
Southern District of New York
300 Quarropas St., Courtroom 520
White Plains, NY 10601- 4150

Application granted in part and denied in part. The Court directed submissions concerning Defendant's eligibility for a sentence reduction to be filed by May 8, 2024. Given Defendant's belated request for an extension, the Court will only permit an extension to May 23, 2024. No further extensions will be granted.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
     May 9, 2024

Re:   **United States v. Donavan Gillard, Dk No. 7:20-cr-00626 (PMH)**
**Defense Request to Hold in Abeyance Determination of Application of 821**
**Amendment Relief Until Determination of §2255 Petition, or in the**
**alternative, Grant a 30-days Extension to File.**

Dear Judge Halpern:

Appointed on April 24, 2024 (DE 861) to determine Mr. Gillard's eligibility for newly available Amendment 821 relief, I write, in accordance with Mr. Gillard's wishes, to ask, first, that the Court hold any determination of this request for Amendment 821 relief in abeyance pending the determination of Mr. Gillard's pending petition for § 2255 relief, or, should the Court prefer to make the Amendment 821 determination more expeditiously, that it grant me a 30 days extension to enable me to assemble a 3553(a) argument.

Having reviewed it, I agree with the Probation Office's January 25, 2024 determination that the Sentencing Commission's decision to afford Amendment 821 retroactive application as of February 1, 2024 renders Mr. Gillard eligible for a sentence reduction.  While, Mr. Gillard *is* eligible for Amendment 821 relief, were his ineffective assistance claim to succeed, any potential Amendment 821 relief would be subsumed in the resultant resentencing, obviating the need for me to proceed further on this appointment.  Should his § 2255 fail, Mr. Gillard could still move forward on Amendment 821 grounds.  Any delay during the adjudication of the § 2255 petition would permit Mr. Gillard, who has only had access to rehabilitative programming for about a year and expects to receive his GED in June, to continue to assemble the track record he'd need to persuade the Court that he was worthy of Amendment 821 relief.

Page 2
Letter to Hon. Halpern, U.S.D.J.
May 7, 2024

A.  Mr. <u>Gillard's Original Sentencing</u>

      Count One of S3 20 CR 626 (PMH), the incarnation to which Mr. Gillard pled on November 4, 2021, charged a § 1962(c) racketeering conspiracy that commenced "in or about 2010."  Indictment S3 20 CR 626 (ECF 123).   Four days after Mr. Gillard tendered his guilty plea to Count Ones and Fourteen, the Government filed a superseding Indictment expanding the temporal scope of the Count One conspiracy all the way back to 2004.  Compare S3 at ¶ 8 ('From at least in or about 2010 to present.") with S6 ¶ 8 (ECF 245) ("From at least in or about 2004 to present…").  Nevertheless, on the theory that Mr. Gillard's July 7, 2010 conviction for Attempted Criminal Possession of a Weapon in the Second Degree (Kings Co. Ind. No.: 04035-2009) resulting from Mr. Gilliard's May 4, 2009 arrest at age 17 constituted a prior conviction rather than conduct relevant to the Count One conspiracy, the Probation Department assessed Mr. Gillard three criminal history points. PSR at ¶ 101.  In the belief that he participated in the instant offense in the period from June 17, 2013 through December 17, 2015, while he was on parole for the July 7, 2010 conviction, the Probation Department assessed Mr. Gillard two more Criminal History points pursuant to USSG §4A1.1(d)).  See PSR at ¶¶ 101-104; S. 12.  Thus, according to the Probation Department's conclusions, at offense level 34 in Criminal History Category III, Mr. Gillard's Count One guideline range was 188 to 235 months.   PSR at 3. See also August 17, 2022 Sentencing Proceeding (hereinafter "S.") at 7-8.   Combined with the Count 14 § 924(c) mandatory minimum 60-month consecutive term, Mr. Gillard's guideline range would fall to 248 to 295 months.  After adopting the PSR in its entirety, S. 8-9, the Court embraced the Probation Department's recommendation and imposed a bottom-of-the-guidelines 248-month term of imprisonment, a 188-month term on Count One and the mandatory consecutive 60-month term on Count Fourteen, each to be followed by concurrent 5-year terms of supervised release.  S. 9, 44; Revised PSR at 2.

B.  <u>Amendment 821</u>

      In April 2023, the U.S. Sentencing Commission promulgated amendments to the federal sentencing guidelines.  As relevant here, one modified the calculation of "status points" under U.S.S.G. § 4A1.1.  Amendment 821 struck the former Section 4A1.1(d) "status points" provision and replaced it with Section 4A1.1(e), which requires a single criminal history point assessment "if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. <u>United States v. Ross</u>, 15 Cr. 95 (JPC), 2024 WL 149130 at 3 (January 12, 2024) (quoting U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,270 (effective Nov. 1, 2023); accord U.S.S.G. § 4A1.1(e)).

C.  <u>Mr. Gillard's Guideline Range Would Have Been Lower Had Amendment 821 Been In Effect</u>.

      Pursuant to Section 1B1.10(b)(1) of the Guidelines, "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment ... is warranted" pursuant to

**Page 3**
**Letter to Hon. Halpern, U.S.D.J.**
**May 7, 2024**

Amendment 821, the Court first "shall determine the amended guideline range that would have been applicable to the defendant if" Amendment 821 "had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).  The Probation Department has concluded that, had Amendment 821 been in effect at Mr. Gillard's original sentencing, his offense level would have remained 34, but, absent the two-level § 4A1.1(d) "status points" enhancement, his Criminal History Points would have dropped from five to three with a corresponding reduction in Criminal History Category from III to II, and a corresponding reduction in Count One guideline range from 188 to 235 months to 168 to 210 months.  January 25, 2024 Revised PSR at 3.  Combined with the § 924(c) mandatory minimum 60-month consecutive term, Mr. Gillard's new guideline range would fall 20-25 months, to 228 to 270 months.

D.  <u>While The 3553 Factors Appear To Militate For A Bottom Of The Amended Guidelines Sentence, We Seek For A Brief Extension To Assemble The Supporting Documents.</u>

Should the Court prefer to prioritize Mr. Gillard's request for Amendment 821, I would ask for an additional 30-days to assemble and fashion a 3553(a) argument before we invoke §1B1.10 and 18 U.S.C. § 3582(c)(2) to ask the Court to reward Mr. Gillard for both his good behavior and enthusiastic embrace of his rehabilitative opportunities.  The Court may recall that it took issue with the veracity of several of the claims made in Mr. Gillard's original sentencing memo.  See S. 21 ("The consulting project that was signed off on by you as your memo and the mitigation specialist and the social worker, there are some statements in here that I struggle to understand the truthfulness of.").   Given that Mr. Gillard is now at a greater distance, in a facility in which communication-complicating lockdowns are almost the norm, we seek a 30-day extension lest we make a similar mistake.

Respectfully submitted,

Richard Palma