**RICHARD PALMA**
ATTORNEY AT LAW
225 BROADWAY- SUITE 715
NEW YORK, NEW YORK 10007

MEMBER OF THE BAR
NEW YORK

> Application denied. The Court intends to review and consider both the section 2255 and Amendment 821 applications at the same time.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>          May 13, 2024

May 12, 2024

ECF

The Honorable Philip M. Halpern, U.S.D.J.
Southern District of New York
300 Quarropas St., Courtroom 520
White Plains, NY 10601- 4150

    Re:    <u>United States v. Donavan Gillard</u>, Dk No. 7:20-cr-00626 (PMH)
**Defense request for Court to reconsider decision not to hold in abeyance determination of 821 Amendment relief until determination of §2255 Petition.**

Dear Judge Halpern:

    I write in response both to the Government's May 8, 2024 letter (DE 871) addressing Mr. Gillard's eligibility for newly available Amendment 821 relief and to the Court's May 9, 2024 Order (874) in that regard to most respectfully suggest that, unless it is inclined to grant the maximum possible modification U.S.S.G. § 1B1.10(b)(2)(A) permits, a sentence modification to the minimum of the amended guideline range, the Court should (1) reconsider its decision not to hold its determination on Amendment 821 relief in abeyance and, should it deign to do so, (2) issue a new Order foregoing any determination on Amendment 821 relief until the Court determines the petition for § 2255 relief Mr. Gillard filed on July 28, 2023 (682) and which has been awaiting disposition since October 2, 2023 (DE 739).

    "Because the Federal Rules of Criminal Procedure do not specify the standards governing a motion to reconsider,' courts in the Southern District of New York, turn to Local Civil Rule 6.3 ('Local Rule 6.3') for the appropriate standard for reconsideration of a decision in a criminal matter." <u>United States v. Krasniqi</u>, 2022 WL 16925215 (S.D.N.Y. 2022) (collecting cases).

    Rule 6.3 requires that motions for reconsideration be filed within 14 days "after the entry of the Court's determination." It requires, as well, that a memorandum shall be served with the notice of motion "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. S.D.N.Y. Rule 6.3. Please accept this letter as that memorandum.

Page 2
Letter to Hon. Halpern, USDJ
May 12, 2024

A. <u>The Reconsideration Standard</u>

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." <u>Parrish v. Sollecito</u>, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (internal quotation marks omitted); <u>Smart v. Goord</u>, 2008 WL 591230, at 1 (S.D.N.Y. Mar. 3, 2008)(citations and internal quotations omitted).

"Under Local Rule 6.3, the moving party must 'point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.' " <u>United States v. Almonte</u>, No. 14 CR. 86 KPF, 2014 WL 3702598, at *1 (S.D.N.Y. July 24, 2014) (quoting <u>Shrader v. CSX Transp. Inc.,</u> 70 F.3d 255, 256-57 (2d Cir. 1995) (observing that the standard for granting motions for reconsideration is "strict")).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation and quotation marks omitted).  <u>Gaind v. Cordero</u>, 2011 WL 6376679 (S.D.N.Y. Dec. 16, 2011) (quoting <u>Parrish v. Sollecito</u>, 253 F.Supp.2d 713, 715 (S.D.N.Y. 2003)).

B. <u>The Overlooked Considerations</u>

While the Government agrees with the Probation Department and the defense that Mr. Gillard is eligible for Amendment 821 relief, it opposes any sentence reduction. Its opposition, however, is based on arguments the Government made, and conclusions both the Probation Department and the Court drew, in the context of the very plea agreement Mr. Gillard contends in his § 2255 petition that he entered unknowingly on the misadvice of prior counsel.  See Gov't May 8, 2024 letter at 1 ("the defendant's motion should be denied because *the Section 3553(a) factors, which the Court considered in great detail at the defendant's sentencing, continue to support* the defendant's sentence of imprisonment as imposed"), <u>id</u>. at 2 ("On November 4, 2021, *as part of a negotiated plea agreement*, the defendant pled guilty to Counts One and Fourteen."); <u>id</u>. at 4 ("Finally, as noted above, the defendant's resolution in this case *was part of a negotiated plea agreement*,…)(emphasis added).

Where Mr. Gillard has already made a *prima facie* showing that he entered the plea agreement on the basis of counsel's constitutionally deficient advice, were the Court to rely on the agreement, Probation's past conclusions based upon it, or arguments made or conclusions drawn in proceedings conducted pursuant to it, to do anything other than grant Mr. Gillard the greatest possible reduction, a sentence modification to the minimum of the amended guideline range, the Court would appear to be addressing Mr. Gillard's motion for modification in a procedurally unreasonable fashion.  Thus, if the Court is unwilling to impose a bottom-of-the-

Page 3
Letter to Hon. Halpern, USDJ
May 12, 2024

amended-guidelines sentence, rather than put the parties on course to pursue a "reasonableness" appeal likely to be rendered pointless when the § 2255 petition is decided, it should reconsider holding Mr. Gillard's motion for modification of sentence in abeyance until it decides the pending § 2255 petition. See United States v. Rodriguez, 855 F.3d 526 (3d Cir. 2017) (concluding that 28 U.S.C. § 1291, conferring "jurisdiction of appeals from all final decisions of the district courts of the United States," empowers an appeals court to review *the substantive reasonableness* of a Section 3582(c)(2) modification). See also United States v. McGee, 553 F.3d 225 (2d Cir. 2009) (asserting jurisdiction under 28 U.S.C. § 1291 to review a decision that a defendant was *ineligible* for an 18 U.S.C. § 3582(c)(2) modification).

C.      Conclusion

For the foregoing reasons, the Court should (1) grant this motion to reconsider its Order denying Mr. Gillard's request that it hold its decision in abeyance pending its disposition of the pending § 2255 petition, and (2) grant that request.


                                Respectfully submitted,
                                *Richard Palma*
                                Richard Palma